STEVEN J. MOSER, P.C.
Steven J. Moser, Esq.
1 School Street, Suite 303
Glen Cove, New York  11542
Tel:  516-671-1150
Fax:  516-882-5420
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Francisco Castro, Carlos Flores, Ramon Flores, Mario Merlos, Edwin Rosado and Oscar Chacon Villalobos, Individually, and on behalf of all others Similarly Situated<br><br>Plaintiffs,<br><br>- against -<br><br>Jaidan Industries, Inc. and Richard Sussman<br><br>Defendants. | Case No. CV 10-2154<br><br>(Hon. Joanna Seybert, USDJ)<br>(Hon. E. Thomas Boyle, USMJ)<br><br>**SECOND AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Francisco Castro, Carlos Flores, Ramon Flores, Mario Merlos, Edwin Rosado and Oscar Chacon Villalobos, Individually, and on behalf of all others Similarly Situated, by and through their undersigned attorney, hereby file this complaint against Defendants Jaidan Industries, Inc. and Richard Sussman, and state as follows:

INTRODUCTION

1. Plaintiffs bring this action against Defendants for unpaid overtime pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), and unpaid overtime pursuant to the New York Labor Law.

2. Plaintiffs also bring this action for breach of contract, as the plaintiffs are third party beneficiaries of prevailing wage contracts between the Defendants and numerous public entities.

## PARTIES

3. Plaintiffs are residents of Nassau County.

4. Defendant, Jaidan Industries, Inc. is a corporation formed in the State of New York.

5. Defendant Jaidan Industries, Inc. has a principal place of business in Port Washington, New York.

6. The Defendant Jaidan Industries, Inc. falls within the definition of a covered employer as set out in Section 203 of the Fair Labor Standards Act.

7. The Defendant Richard Sussman is a resident of the county of Nassau, State of New York.

8. The Defendant Richard Sussman falls within the definition of a covered employer as set out in Section 203 of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

9. Jurisdiction of this civil action is conferred by Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) and venue is proper in this Court.

## FACTS

10. Plaintiffs and other similarly situated employees were employed with the Defendants since May 10, 2004.

11. At all times hereinafter mentioned JAIDAN manufactured, installed and repaired metal windows.

12. At all times hereinafter mentioned JAIDAN installed and repaired windows at various times on public buildings.

13. During the relevant time periods all defendants were employed at various times both in the manufacturing of metal windows and in the installation and repair of metal windows.

14. Plaintiffs were paid an hourly rate for work performed in the manufacture of windows, and a different hourly rate hour for the installation and repair of windows.

15. Plaintiffs were not paid overtime.

16. Plaintiffs were not paid for travel time to and from "off-site" assignments.

17. Plaintiffs did not perform work that meets the definition of exempt work under the FLSA or the New York Labor Law.

## PREVAILING WAGE CLASS ACTION ALLEGATIONS

18. Class Definition: Plaintiffs bring this action on behalf of themselves and a class that includes all individuals who have been employed by the defendants in the installation and/or repair of windows on public projects since May 10, 2004 ("Prevailing Wage Class").

19. Class Too Numerous for Joinder: Defendant has employed in excess of one hundred employees during the past six years in the repair and/or installation of windows on public projects.

20. Common Questions of Fact: The same questions of law are presented for all class members: Whether the defendants regularly contract with public entities for the performance of public works contracts; Whether the Defendants do not pay the Prevailing Wage Class the prevailing wages required by the New York State Constitution, the New York State Labor Law, and the public work contracts between the defendants and public entities.

21. Common Questions of Law: The same questions of law are presented for all class members: Whether the Prevailing Wage Class is a third party beneficiary of the public work contracts between the defendants and public entities; whether the prevailing wage as determined in said contracts constitutes the rate of pay at which the overtime compensation and liquidated damages demanded in COUNTS II AND III should be paid.

22. Typicality of Plaintiffs' Claims: The Plaintiffs' claims encompass the challenged policy and practice of Defendant described above.

23. Protection of Class Interests: Plaintiffs will fairly and adequately protect the interests of the Prevailing Wage Class and do not have any conflict of interest with same.

24. Action Maintainable as a Class Action: This action is maintainable as a conventional class action (opt out) for state law claims under Fed. R. Civ. P. 23(a) and (b) (1), (2) and (3).

25. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the parties opposing the class (Fed.R.Civ.P. 23 (b) (1) (A)); and, adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests (Fed.R.Civ.P. 23 (b) (1) (B)).

26. The questions of law and fact common to the members of the Prevailing Wage Class predominate over any questions affecting only individual members, and a class

action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Prevailing Wage Class members have little or no interest in individually controlling the prosecution of separate actions.

28. This action is manageable as a class action for state law claims because compared with any other method, such as individual interventions or the consolidation of individual actions, a class action is fairer and more efficient.

29. Plaintiffs bring COUNT I herein on behalf of themselves individually and the Prevailing Wage Class pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of Defendants' breach of contract.

## COLLECTIVE ACTION ALLEGATIONS

30. Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since May 10, 2007 to the entry of judgment in this case (the "Collective Action Period"), who are (i) non-exempt employees within the meaning of the FLSA, (ii) employed in the manufacturing, installation and repair of windows, and (iii) were not paid wages for all hours worked and overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

31. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the

Defendants, upon information and belief, there are at least forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

32. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

33. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

34. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and all other Collective Action Members are:

    a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

    b. whether the Defendants failed to keep true and accurate time records for

    all hours worked by Plaintiffs and the Collective Action Members;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e. whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

35. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

36. Plaintiffs bring <u>COUNT II</u> herein on behalf of themselves individually and the Collective Action Members as a collective action pursuant to the FLSA, in respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of Defendants' violations under the FLSA.

<u>NEW YORK LABOR LAW CLASS ACTION ALLEGATIONS</u>

37. *Class Definition*: Plaintiffs bring this action on behalf of themselves and a class

Second Amended Complaint
*Castro v. Jaidan, et. ano., CV-10-2154*

that includes all individuals who have been employed by the defendants in the manufacturing, installation and/or repair of windows since May 10, 2004 *("N.Y. Class")*.

38. *Class Too Numerous for Joinder*: Defendant has employed in excess of one hundred employees during the past six years in the manufacturing, repair, and/or installation of windows.

39. *Common Questions of Fact*: The Defendant does not pay the N.Y. Class time and half for hours worked over 40 in one week.

40. *Common Questions of Law*: The same question of law is presented for all class members: Whether Defendants' policy and practice violates the New York Labor Law.

41. *Typicality of Plaintiffs' Claims*: The Plaintiffs' claims encompass the challenged policy and practice of Defendant described above.

42. *Protection of Class Interests*: Plaintiffs will fairly and adequately protect the interests of the N.Y. Class and do not have any conflict of interest with same.

43. *Action Maintainable as a Class Action:* This action is maintainable as a conventional class action (opt out) for state law claims under Fed. R. Civ. P. 23(a) and (b) (1), (2) and (3).

44. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the parties opposing the class (Fed.R.Civ.P. 23 (b) (1) (A)); and, adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or

impede their ability to protect their interests (Fed.R.Civ.P. 23 (b) (1) (B)).

45. The questions of law and fact common to the members of the N.Y. Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. N.Y. Class members have little or no interest in individually controlling the prosecution of separate actions.

47. This action is manageable as a class action for state law claims because compared with any other method, such as individual interventions or the consolidation of individual actions, a class action is fairer and more efficient.

48. Plaintiffs bring <u>COUNT III</u> herein on behalf of themselves individually and the New York Class pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiff and all persons similarly situated have against the Defendants as a result of Defendants' violations of the New York Labor Law.

STATEMENT OF CLAIM

*COUNT I:*

*BREACH OF CONTRACT*

49. Plaintiffs, on behalf of themselves and the members of the Prevailing Wage Class, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

50. Defendants entered into public works contracts with public entities.

51. As a result, Defendants were obligated to pay prevailing wages, including supplementary benefits, to the employees who provided the services for these contracts,

as well as overtime bonuses for hours beyond forty hours or for work performed outside regular work hours.

52. Plaintiffs and the members of the Prevailing Wage Class were employed by Defendants to work on public works contracts, and Plaintiffs and the members of the Prevailing Wage Class performed work on prevailing wage projects.

53. Defendants failed to pay Plaintiffs and the members of the Prevailing Wage Class the prevailing wages, including the appropriate premiums specified in the prevailing wage regulations.

54. Defendants' failure to pay the prevailing wage to Plaintiffs and the members of the Prevailing Wage Class constituted a material breach of their public works contracts.

55. Plaintiffs and the Prevailing Wage Class were third party beneficiaries of the prevailing wage requirements of these public contracts.

56. As a result, Plaintiffs and the members of the Prevailing Wage Class have been damaged, and are entitled to recover from defendants their unpaid compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT II:

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

57. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

58. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than 40 hours unless such employee receive compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

59. The plaintiffs were "employees" covered by the FLSA, 29 U.S.C. §207(a)(1).

60. Defendants were the plaintiffs' "employers" under §207(a)(2).

61. Defendants, as plaintiff's employers, were obligated to compensate plaintiffs for overtime hours at the overtime rate.

62. The plaintiffs worked overtime on a regular basis. They are entitled to, and owed, overtime pay at the rate of one and one-half times the regular rate of pay in excess of forty(40) hours in a given work week.

63. The "regular rate of pay" includes the prevailing wage as set forth in Count I herein.

64. Defendants have failed and refused to compensate the plaintiffs as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional.

65. The FLSA, 29 U.S.C. 216(b) provides that an employer who fails to compensate for overtime shall be liable for liquidated damages.

66. The FLSA, 29 U.S.C. 216(b) provides that an employer who fails to compensate for overtime shall be liable for the plaintiff's reasonable attorney's fees.

## COUNT III:

## VIOLATION OF THE NEW YORK LABOR LAW

67. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

68. That pursuant to New York Law the defendants were obligated to pay overtime pay at the rate of one and one-half times the regular rate of pay in excess of forty (40) hours in a given work week pursuant to 12 NYCRR 142-2.2.

69. That pursuant to the New York Labor Law §663 the defendants owe to plaintiffs overtime wages in an amount to be determined by the court.

70. Plaintiff further contends that the above-mentioned failure, neglect and/or refusal of Defendants as aforesaid to pay overtime as provided by statute herein were willful.

71. Pursuant to N.Y. Lab. Law §663 plaintiffs are entitled to, as liquidated damages, a statutory penalty equal to 25% of the aforesaid overtime wages due and owing to them by Defendants.

72. Pursuant to the New York Labor Law §663 the plaintiffs are entitled to costs and Reasonable Attorney's fees.

## *COUNT IV:*

RETALIATORY DISCHARGE CLAIMS ON BEHALF OF

INDIVIDUALLY NAMED PLAINTIFFS UNDER 29 U.S.C. 215(a)(3) AND

NEW YORK LABOR LAW §215(1)(a)

73. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

74. At various times, the individually named plaintiffs complained about the failure of the defendants to pay overtime as required by federal and state law.

75. In retaliation against the individually named plaintiffs for complaints, and for commencing this lawsuit, defendants discharged the individually named plaintiffs in violation of 29 U.S.C. 215(a)(3) (FLSA §15(a)(3)) and New York Labor Law §215(1)(a).

76. The FLSA, 29 U.S.C. 216(b) provides that an employee who has been wrongfully discharged in violation of 29 U.S.C. 215(a)(3) shall be entitled to "legal or

equitable relief as may be appropriate to effectuate the purposes" of that section, including, but not limited to reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

77. The New York Labor Law §215(1)(a) prohibits retaliation or discrimination against any employee "(i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, that the employer has violated any provision of this chapter, or (ii) because such employee has caused to be instituted a proceeding under or related to this chapter, or (iii) because such employee has provided information to the commissioner or his or her authorized representative, or (iv) because such employee has testified or is about to testify in an investigation or proceeding under this chapter, or (v) because such employee has otherwise exercised rights protected under this chapter."

78. The New York Labor Law §215 authorizes courts to restrain violations and "to order all appropriate relief, including rehiring or reinstatement of the employee to his former position with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees."

PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that the Court enter judgment in their favor and award them the following relief:

ON THE FIRST COUNT, (a) all unpaid prevailing wages and overtime as provided for by contract and the prevailing wage regulations, (b) liquidated damages as provided by the FLSA and the New York Labor Law, (b) attorney's fees and (c) costs;

ON THE SECOND COUNT, (a) all unpaid overtime wages, (b) liquidated damages, (c) attorney's fees and (d) costs;

ON THE THIRD COUNT, (a) all unpaid overtime wages (b) liquidated damages, and (c) plaintiff's Attorney's fees and (d) costs.

ON THE FOURTH COUNT, (a) reinstatement of the plaintiffs, (b) payment of lost wages, (c) an order declaring that the defendants' actions were retaliatory, and enjoining the defendants from taking such retaliatory actions against other employees, (d) liquidated damages and (e) punitive damages.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated:     Glen Cove, New York
           December 2, 2010

                                            Respectfully submitted,

                                            Steven J. Moser, P.C.
                                            One School Street
                                            Suite 303
                                            Glen Cove, NY  11542
                                            Tel:  (516) 671-1150
                                            Fax:  (516) 882-5420
                                            *Attorneys for Plaintiffs*

TO:
FEINSTEIN & NISNEWITZ, P.C.
42-40 Bell Blvd.
Bayside, NY  11361
<u>VIA ECF</u>