```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FRANCISCO CASTRO, CARLOS FLORES,
RAMON FLORES, MARIO MERLOS, EDWIN
ROSADO and OSCAR CHACON VILLALOBOS,         ORDER
                                            10-CV-2154(JS)(ETB)
                Plaintiffs,

        -against-

JAIDAN INDUSTRIES, INC. and RICHARD
SUSSMAN,

                Defendants.
----------------------------------------X
JASON NIETO a/k/a JONATHAN NIETO,
MARVIN RIVERA, MARIO MERLOS, EVER
BARRANZA, WILMER BUSTILLO, EDWIN
ENAMORADO, DAVID FLORES, CARLOS FLORES,     11-CV-5249(JS)(WDW)
DIONICIO FLORES a/k/a MARVIN FLORES,
LUIS HENRIQUEZ, EDUARDO MEJIA, JESUS
MEJIA a/k/a JOSE ZEPEDA, DANIEL MONCADA,
OSCAR RODRIGUEZ a/k/a OSCAR TRUJILLO,
EDWIN ROSADO, FRANCISCO SANTOS, JUAN
SANTOS a/k/a JUAN SUNIGA, CARLOS VASQUEZ,
OSCAR CHACON VILLALOBOS, JOEL VILLALOBOS
a/k/a MILTON CARRASCO,

                Plaintiffs,

        -against-

JAIDAN INDUSTRIES, INC., RICHARD SUSSMAN,
RHONDA SUSSMAN, and JUAN CARLOS CHICAS
a/k/a CARLOS CHICAS,

                Defendants.
----------------------------------------X
```
APPEARANCES
For Plaintiffs:     Steven John Moser, Esq.
                    Steven J. Moser
                    1 School Street, Suite 303
                    Glen Cove, NY 11542

For Defendants:     Neil Angel, Esq.
                    Todtman Nachamie Spizz and Johns CP

SEYBERT, District Judge:

The Court is in receipt of Defendants' letter dated November 30, 3011 requesting that the Court (i) "order plaintiffs to choose one forum to litigate this matter and to discontinue the other action or to dismiss this federal action in favor of the earlier-filed state court complaint," (Defs. Ltr. 1), and (ii) to quash eight non-party discovery subpoenas. The Court will address each request separately.

## DISCUSSION

### I. Motion to Dismiss Concurrent and Duplicative Action

On May 11, 2010, Plaintiffs commenced the action at docket number 10-CV-2154 ("2010 Federal Action") seeking to recover unpaid wages from Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). On July 25, 2011, Plaintiffs commenced an action in the New York State Supreme Court, Kings County, ("State Court Action") against Defendants seeking to recover prevailing wages under the FLSA and asserting violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"). On October 27, 2011, Plaintiffs commenced the action at docket number 11-CV-5249 ("2011 Federal Action"); the 2011 Federal Action is identical to the State Court Action. Based on

representations Plaintiffs would discontinue their State Court Action, on November 16, 2011, the Court consolidated the 2010 Federal Action and the 2011 Federal Action. Plaintiffs have yet to discontinue their State Court Action and, according to Defendants, appear to be actively litigating the same case in both forums simultaneously.

"Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (internal quotation marks and citation omitted); accord Kytel Int'l Grp. v. Rent A Center, Inc., 43 F. App'x 420, 422 (2d Cir. 2002). A federal court, nevertheless, may abstain in favor of the state forum "for reasons of wise judicial administration," including the convenience of the federal forum, the desirability of avoiding piecemeal litigation and waste of judicial resources, and the order in which jurisdiction was obtained. Colo. River, 424 U.S. at 818; see also Arkwright-Boston Mfrs. Mut. Ins. Co. v. N.Y.C., 762 F.2d 205, 211 (2d Cir. 1985) (affirming district court's abstention, in part, because "inconsistent disposition of [the state and federal actions] would breed additional litigation on assertions of claim and issue preclusion" and "'such concurrent proceedings

creates the serious potential for spawning an unseemly and destructive race to see which forum can resolve the same issues first'" (quoting Ariz. v. San Carlos Apache Tribe of Ariz., 463 U.S. 545, 547, 103 S. Ct. 3201, 77 L. Ed. 2d 837 (1983))).

Plaintiffs assert that Defendants are violating a Temporary Restraining Order ("TRO") signed by the Kings County Supreme Court, so they will only "discontinue the State Action once adequate protections are obtained in the Federal Action." (Pl. Opp. 2.) The Court finds that this does not justify identical parallel litigation in state and federal court. In fact, the "vexatious [and] reactive nature" of Plaintiffs' litigation strategy in both forums supports abstention. See Telesco v. Telesco & Masons' Materials, Inc., 765 F.2d 356, 363 (2d Cir. 1985 (quoting Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 17 n.20, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)).

If Plaintiffs refuse to discontinue the State Court Action, the Court is inclined to abstain from adjudicating the 2011 Federal Action and to dismiss the claims therein. Thus, Plaintiffs are hereby ORDERED TO SHOW CAUSE by December 15, 2011, why this Court should not abstain from adjudicating the duplicative claims in the 2011 Federal Action. If Defendants'

wish to reply, such memorandum must be filed on or before December 22, 2011.[1]

II. Motion to Quash Non-Party Subpoenas

Defendants also move this Court to quash eight non-party subpoenas. All discovery issues must be directed to the assigned magistrate judge; accordingly, Defendants' request is DENIED with leave to renew before Magistrate Judge E. Thomas Boyle.

CONCLUSION

For the foregoing reasons, the Court (i) RESERVES JUDGMENT on Defendants' motion to dismiss; (ii) ORDERS Plaintiffs to show cause by December 15, 2011 why the 2011 Federal Action should not be dismissed, and (iii) DENIES Defendants' motion to quash with leave to renew before Judge Boyle.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December __2__, 2011
Central Islip, New York

---

[1] The Court notes that neither Plaintiffs nor Defendants cited to any legal authority in support of the arguments in their letter briefs. The Court expects the response and any reply to the Order to Show Cause, as well as any future applications to the Court, to be fully researched and supported with citations to applicable law.

5